**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

D'VAUGHN KING,

Petitioner,

v.

WARDEN OF HIGH DESERT STATE PRISON,

Respondent.

Case No. 2:24-cv-01992-RFB-BNW

**ORDER**

Petitioner D'Vaughn King initiated this action by filing a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See ECF No. 1 ("Petition"). Before the Court is Respondent's Motion to Dismiss the Petition (ECF No. 18). King opposed the motion, and Respondent replied. See ECF Nos. 24, 27. For the reasons discussed below, the Court grants the motion, in part.

## I. PROCEDURAL HISTORY

Following a guilty plea, King was convicted of second-degree murder with the use of a deadly weapon. See ECF No. 14-32. King was sentenced to ten years to life in prison plus a consecutive sentence of 53 to 240 months for the deadly weapon enhancement. Id. King appealed, and the Nevada Supreme Court affirmed on November 12, 2014. See ECF No. 2-7.

King filed a state habeas petition on July 16, 2015. See ECF No. 2-8. The state court denied the petition. See ECF No. 15-19. King appealed, and the Nevada Court of Appeals reversed and remanded, ordering the state court to conduct an evidentiary hearing. See ECF No. 2-13. An evidentiary hearing was held on November 21, 2022. See ECF No. 2-15. The state court again denied King post-conviction relief. See ECF No. 2-17. King appealed, and the Nevada Court of

Appeals affirmed on April 10, 2024. See ECF No. 2-21. Remittitur issued on May 6, 2024. See ECF No. 16-55.

In his Petition, King argues the following: (1) the Nevada Court of Appeals erred when it issued a remand based on unsupported claims that defense counsel was deficient for failing to present expert psychological testimony in mitigation at sentencing; (2) the Nevada Supreme Court erred when it denied his claim that the State breached the spirit of the plea bargain, warranting a new sentencing hearing; (3) the Nevada Supreme Court erred when it denied his claim that the state court abused its discretion when it ordered that his Nevada and California prison sentences run consecutively and when it relied upon improper evidence in imposing his sentence; (4) the Nevada Supreme Court erred when it denied his claim that the state court abused its discretion in sentencing him to an additional 53 to 240 months for the use of a deadly weapon enhancement; (5) the Nevada Supreme Court erred when it denied his claim that the state court abused its discretion when it sentenced him to a period of time severely disproportionate to the plea bargain; and (6) the Nevada Court of Appeals erred when it denied his cumulative error claim. See ECF No. 1. In the Motion to Dismiss, Respondent argues that (1) King failed to sign or otherwise verify the Petition; (2) every ground, at least in part, is unexhausted; and (3) grounds 1, 3, 4, and 6, at least in part, are not cognizable. See ECF No. 18. The Court will address these arguments in turn.

## II. LEGAL STANDARDS

### A. Verification

Rule 2(c)(5) of the Rules Governing Section 2254 Cases require that a petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." 28 U.S.C. § 2242 provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." "This statute 'recognizes the right of one person to sue for habeas corpus to secure the release of another person,' but only where the application shows why the prisoner did not sign and verify the complaint, and where the next friend is not an intruder or uninvited meddler." Warren v. Cardwell, 621 F.2d 319, 321 n.1 (9th Cir. 1980) (quoting Wilson

v. Dixon, 256 F.2d 536, 537–38 (9th Cir. 1958)). Indeed, "a habeas petitioner's attorney can sign and verify the petition for the petitioner." Lucky v. Calderon, 86 F.3d 923, 925 (9th Cir. 1996).

**B. Exhaustion**

A petitioner challenging his state incarceration must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. See 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim has been fully and fairly presented when a petitioner has presented the substantial equivalent of his federal claim to the state courts. See Picard v. Connor, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. See Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. Picard, 404 U.S. at 277–78.

**C. Cognizable Claims**

The Anti-Terrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. See id. at 68.

## III. DISCUSSION

**A. Verification of Petition**

King's retained counsel signed the Petition on King's behalf. See ECF No. 1 at 42. To the extent that King's retained counsel only signed—and did not verify—the Petition, the Court

disregards any defect. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("[T]he defect [of an unverified petition] is one that the district court may, if it sees fit, disregard.").

**B. Ground 1**

In Ground 1, King alleges that the Nevada Court of Appeals erred when it issued a remand based on unsupported claims that defense counsel was deficient for failing to present expert psychological testimony in mitigation at sentencing. See ECF No. 1 at 10. Specifically, King alleges that (1) his state habeas counsel made "inaccurate statements to the court," (2) the Nevada Court of Appeals allowed King's state habeas counsel "to make representations without citations to exhibits on the record," and (3) the state court "fail[ed] to address the merits of the issue on remand." Id. at 12–15. Respondent argues that Ground 1 is unexhausted and not cognizable. See ECF No. 18 at 7–8, 12–13.

In his first state habeas appeal, King argued that the state court "erred in denying [his] petition and supplemental petition without first holding a hearing." ECF No. 2-10. The Nevada Court of Appeals agreed and remanded the case back to the state court for the state court to conduct an evidentiary hearing on this issue. See id. at 3. Following the evidentiary hearing and redenial of his state habeas petition, King argued (1) the state court violated his rights by denying him the right to represent himself at the evidentiary hearing, (2) the state court forced counsel upon him, (3) his post-conviction counsel was deficient, and (4) cumulative error. See ECF No. 2-18.

King's contentions that his initial state habeas counsel made errors, the Nevada Court of Appeals applied the wrong remedy during the first round of his habeas appeal, and the state court failed to address the issue following the remand were never presented to the Nevada appellate courts. Therefore, Ground 1 is wholly unexhausted. More importantly, however, the Ninth Circuit has long held that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Cooper v. Neven, 641 F.3d 322, 331 (9th Cir. 2011) (affirming dismissal of claims stemming "from activities arising out of the state trial court's consideration of his last state habeas petition"); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding

arising under section 2254."). Because Ground 1 regards the state post-conviction review process, it is dismissed as not cognizable.

**C. Ground 2**

In Ground 2, King alleges that the Nevada Supreme Court erred when it denied his claim that the State breached the spirit of the plea bargain, warranting a new sentencing hearing. See ECF No. 1 at 15. Respondent argues that Ground 2 is unexhausted because King raises new factual allegations in Ground 2 as compared to the similar claim raised during his direct appeal proceedings. See ECF No. 18 at 8. In his opening brief on direct appeal, King argued that "the state breached the spirit of the plea bargain in violation of the Fifth and Fourteenth Amendments." ECF No. 2-4 at 4. To support this argument, King explained that "[t]he argument of the State, coupled with admission of Exhibit 1, the Penlink chart, and the testimony of Detective Gallop violated the spirit of the plea bargain." Id. at 17.

A petitioner may provide additional facts in support of a claim to the federal habeas court so long as those facts do not fundamentally alter the legal claim presented to the state courts. See Vasquez v. Hillery, 474 U.S. 254, 260 (1986) (holding that additional affidavits and statistical evidence did not alter petitioner's grand jury discrimination claim); Weaver v. Thompson, 197 F.3d 359, 364–65 (9th Cir. 1999) (holding that facts adduced at evidentiary hearing did not change factual basis for jury coercion claim because claim still turned on bailiff's contact with jury). The Court finds that King's additional facts in Ground 2 do not fundamentally alter the claim as compared to its presentation before the Nevada appellate courts. Ground 2 is thus exhausted.

**D. Ground 3**

In Ground 3, King alleges that the Nevada Supreme Court erred when it denied his claim regarding his sentence because (a) the state court relied upon improper evidence in imposing his sentence ("Ground 3a"); and (b) the state court abused its discretion in imposing his sentence ("Ground 3b"). See ECF No. 1 at 26. Respondent argues that Grounds 3a and 3b are not cognizable because they rest entirely on interpretations of state law.[1] See ECF No. 18 at 13–14.

The Supreme Court has held that "the careless or designed pronouncement of sentence on

[1] Respondent also initially argued that Ground 3a is unexhausted, but Respondent withdrew that argument. See ECF No. 27 at 7.

a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, . . . render[s] the proceedings lacking in due process." Townsend v. Burke, 334 U.S. 736, 741 (1948); see also United States v. Weston, 448 F.2d 626, 634 (9th Cir. 1971) (holding that "a sentence cannot be predicated on information of so little value" because "[a] rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process"); United States v. Safirstein, 827 F.2d 1380, 1385 (9th Cir. 1987) (explaining that "unfounded assumptions or groundless inferences although based upon proper and accurate information may not, consistent with due process, form the basis of sentence"); United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir. 1989) ("[T]he district judge may not consider improper, inaccurate, or mistaken information, nor may he make unfounded assumptions or groundless inferences in imposing sentence."). Accordingly, the Court finds that Ground 3a, which alleges that the state court relied upon improper evidence in imposing his sentence, does not rest merely on state law and is, therefore, cognizable.

Turning to Ground 3b, King fails to demonstrate that his claim is cognizable.[2] Indeed, King does not allege that his sentence was fundamentally unfair; rather, he merely alleges that the state court abused its discretion in imposing his sentence. This allegation is not cognizable on federal habeas review. See Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) ("Whether assault with a deadly weapon qualifies as a 'serious felony' under California's sentencing enhancement provision is a question of state sentencing law."); Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (holding that a trial court's alleged abuse of discretion in applying state sentencing law cannot form the basis for federal habeas relief); Makal v. Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976) ("So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern."); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Ground 3b is therefore dismissed as not cognizable.

---

[2] King does not refute Respondent's argument that Ground 3b is not cognizable. See ECF No. 24.

**E. Ground 4**

In Ground 4, King alleges that the Nevada Supreme Court erred when it denied his claim that the district court abused its discretion in sentencing him to an additional 53 to 240 months for the use of a deadly weapon enhancement in violation of clearly established federal law. See ECF No. 1 at 33. As explained above, such allegations are not cognizable on federal habeas review. For the same reason Ground 3b was found to not be cognizable, the Court finds that Ground 4 is not cognizable.[3]

**F. Ground 5**

In Ground 5, King alleges that the Nevada Supreme Court erred when it denied his claim that the state court abused its discretion in sentencing him to a severely disproportionate sentence in comparison to his plea bargain, because (a) it resulted in his sentence violating the Eighth Amendment's prohibition on cruel and unusual punishment ("Ground 5a"); and (b) it made King's plea not knowing and voluntary ("Ground 5b"). See ECF No. 5 at 37. Respondent again argues that Ground 5 is unexhausted.

Turning first to Ground 5a, in his direct appeal, King argued that "[t]he mandatory consecutive prison term of 20 years for the weapons enhancement was excessive and constituted cruel and unusual punishment under the Eighth Amendment." ECF No. 2-4 at 24. Respondent contends that Ground 5a is not exhausted by this argument because, while King alluded to the issue of cruel and unusual punishment under the Eighth Amendment, the focus of the argument was the state court's failure to consider mitigating factors, whereas Ground 5a deals with the state court's failure regarding the plea agreement. See ECF No. 27 at 10. The Court finds that Respondent interprets King's argument too narrowly. King raised Ground 5a's factual basis—his lengthy sentence—and legal basis—the violation of the Eighth Amendment's prohibition on cruel and unusual punishment—to the state court. Ground 5a is thus exhausted.

Turing to Ground 5b, in his direct appeal, King argued that "[b]ecause the court differed so radically on the deadly weapon enhancement from what the plea bargain stated, [his] assent to

---

[3] In his opposition to the motion to dismiss, King alleges that Ground 4 "is that the sentencing process was fundamentally unfair." ECF No. 24 at 6. King may not amend his Petition by adding new arguments to an opposition to the motion to dismiss.

the bargain cannot be construed as knowing or voluntary." ECF No. 2-4 at 25–26. Respondent contends that Ground 5b is not exhausted by this argument because the Nevada Supreme Court refused to reach it, explaining that "King does not cite authority for his argument that his guilty plea ceased to be knowing and voluntary because he did not know that the district court would significantly deviate from the recommended period for the deadly-weapon enhancement." ECF No. 27 at 11 (citing ECF No. 2-7 at 5). "[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered[,] . . . the claim . . . does not . . . constitute 'fair presentation.'" Castille v. Peoples, 489 U.S. 346, 351 (1989). Because the Nevada Supreme Court was not precluded from considering the argument in Ground 5b and instead chose not to consider it, the Court finds that Ground 5b was fairly presented and is exhausted.

**G. Ground 6**

In Ground 6, King alleges that there were cumulative errors. See ECF No. 1. Respondent contends that Ground 6 is not cognizable and is unexhausted. See ECF No. 18 at 11. The Court finds that Ground 6 is cognizable, given controlling Ninth Circuit precedent that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007). However, King never raised a cumulative error claim regarding all the claims in his Petition. Indeed, the only remaining claims (Grounds 2, 3a, 5a, and 5b) all originated from King's direct appeal, and, importantly, King never raised a cumulative error claim on direct appeal. See ECF No. 2-4 at 6. Ground 6 is therefore unexhausted.

**H. Mixed Petition**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. Rose v. Lundy, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. See id. Because this Petition is mixed, King has three options: (1) file a motion for partial dismissal, voluntarily abandoning Ground 6; (2) file a motion to dismiss the Petition without prejudice in order to return to state court to exhaust Ground 6; and/or (3) file a motion for other

appropriate relief, such as a stay.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** the Motion to Dismiss (ECF No. 18) is **GRANTED IN PART** as follows: (1) Grounds 1, 3b, and 4 are dismissed as not cognizable, and (2) Ground 6 is unexhausted.

**IT IS FURTHER ORDERED** that King has 30 days from the date of this Order to inform the Court how he wishes to proceed with his mixed Petition. If King chooses to file a motion for a stay and abeyance or to seek other appropriate relief, Respondent may respond according to Local Rule 7-2. If King chooses to abandon Ground 6, then Respondent will have 90 days to file an answer to the remaining grounds in the Petition (Grounds 2, 3a, 5a, and 5b), and King will then have 60 days to file his reply.

**DATED:** September 29, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**